It seems to me that the conclusion reached in paragraph five of the syllabus, which is apparently based upon the statement in paragraph six of the syllabus, is contrary to previous decisions of this court.
In State v. Standard Life Assn., 38 Ohio St. 281, the first paragraph of the syllabus reads:
"Corporations organized under the laws of Ohio, are of two classes: 1st. Those organized for profit, which must have a capital stock owned by stockholders. 2d. Those organized for purposes other than for profit, consisting of members associated together for a lawful purpose. To the second class belong corporations formed under the provisions of Section 3630 of the Revised Statutes for the mutual protection and relief of its members, and for the payment of stipulated sums of money to the family or heirs of deceased members."
The corporation involved in that case was obviously of a kind designed to provide benefits for its members. Under the fifth and sixth paragraphs of the syllabus in the instant case, such corporation could not have *Page 74 
been classified as a corporation organized "for purposes other than for profit."
In Snyder v. Chamber of Commerce, 53 Ohio St. 1, 41 N.E. 33, the syllabus reads:
"The declaration in the articles of incorporation of a chamber of commerce, that it `is formed not for profit,' is not inconsistent with a provision for capital stock, nor with a declaration that it is intended to promote the prosperity of the city in which it is located; and the trustees or directors of such corporation are personally liable for all its debts by them contracted."
In the court's opinion by Shauck, J., it is said:
"Nor was the view of the trial court justified by the fact that the corporation was intended to promote the growth and prosperity of the city, and thus to confer incidental benefit upon its members and officers in common with others owning property in the city or doing business therein. * * * Corporations for profit within the meaning of the statute are those which are formed for the prosecution of business enterprises with a view to realizing gains to be distributed as dividends among the shareholders in proportion to their contributions to the capital stock."
Here, again, under paragraphs five and six of the syllabus in the instant case, the corporation involved in the Snyder case
could not have been classified as one "not for profit."
The foregoing cases are particularly inconsistent with paragraphs five and six of the syllabus in the instant case because both cases held that the corporations there involved must be classified as ones "not for profit." The question was not, as in the instant case, merely whether or not they could be so classified.
The syllabus of State, ex rel. Atty. Genl., v. HomeCo-operative Union, 63 Ohio St. 547, 59 N.E. 220, must be read in the light of the statute referred to therein. The only reasons given by the court in its *Page 75 
brief opinion for the conclusions therein expressed were:
"Such corporations [dealing in real estate] expire by limitation of the statute in 25 years; and it would not be possible for the defendant to conduct its business in the period limited by the statute so as to avoid loss to a large number of its members."
This 25-year limitation no longer appears in our statutes.
In the opinion in Read v. Tidewater Coal Exchange, Inc.,13 Del. Ch. 195, 116 A. 898, immediately preceding the portion thereof quoted in the majority opinion, appears the following:
"Whether dividends are expected to be paid may, generally speaking, be taken as the test by which we are to determine whether, or not, a given corporation is organized for profit. Perhaps a better way to put it would be to say that a corporation is for profit when its purpose is, whether dividends are intended to be declared or not, to make a profit on the business it does which in reason belongs to it and which if its affairs are administered in good faith would be available for dividends. Subterfuges by which a corporation allowed its profits to be diverted to those owning it, though not in the form of dividends, would manifestly not remove from the corporation its feature of profit making."
The paragraph in the opinion in that case following the one containing the part quoted in the majority opinion reads in part:
"Profit furthermore must be something of a tangible or pecuniary nature. Intangible benefits, not capable of measurement in definite terms, though of value to the recipients, cannot be called profits."
The nature of the corporation there involved appears, from what was said in the Delaware court's opinion at page 201, as follows: *Page 76 
"From the foregoing it appears that the exchange was a sort of trade agency created and maintained by railroads and coal shippers, to assist in removing the general adverse conditions existing at tidewater, conditions which were, as is well known, causing great and alarming concern along the entire eastern seaboard."
It is also stated in that opinion at page 211:
"I have no doubt that its members were benefited by its activities, and in an indirect way this benefit doubtless reflected itself in their financial betterment."
The Delaware court held that the corporation there involved was a corporation "not for profit." Its decision and reasoning appear to be inconsistent with the fifth and sixth paragraphs of the syllabus in the instant case.
The majority opinion in the present case contains a quotation from 1 Fletcher Cyclopedia of the Law of Private Corporations (Perm. Ed.). Section 68 in that volume reads in part:
"Within the meaning of such a provision, a corporation `for pecuniary profit' has been defined to be a corporation organized for the pecuniary profit of its stockholders or members. Profit is used in a pecuniary sense, and does not extend to intangible benefits.
"* * *
"Nonprofit corporations are not confined to those which are eleemosynary or charitable, but include business or auxiliary corporations not for profit, as well."
 In American Jersey Cattle Club v. Glander, Tax Commr., 152 Ohio St. 506, the first paragraph of the syllabus reads:
"The fact, that a corporation is organized and operated as one not for profit, does not mean that its enterprises may not be conducted for gain, profit or net income to the corporation as a legal entity apart from its members." *Page 77 
It has been suggested that the writ of mandamus should be denied since relator does not have a clear legal right to the relief sought, because it is doubtful under the law whether the proposed corporation is one not for profit. In effect, this amounts to saying that, if the law is not clear, this court will permit the Secretary of State to determine what it is. If the law is clear, there should be no necessity of bringing this matter to the court, but, if it is not clear, it is the function of this court to determine what it is.